**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION**

| | |
|---|---|
| CRISTAL COTE,<br>      Plaintiff,<br><br>v.<br><br>GC SERVICES, LP<br>      Defendant | Case. No. |

## COMPLAINT

NOW COMES Plaintiff, CRISTAL COTE ("Plaintiff"), by and through his attorneys, submits this Complaint against Defendant, GC SERVICES, LP ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Mapleville Village, located in Burrillville Town, Providence County, Rhode Island.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a debt collector conducting business in the state of Rhode Island, and has its principal place of business in Houston, TX.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in Rhode Island, personal jurisdiction is established.

9. Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

10. On or around September 28, 2017, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (401) 499-84XX.

13. On or around September 28, 2017, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.

14. Voicemail message lasted thirteen (13) seconds. It stated, "This message is for Cristal Cote. This is Felicia (Last Name). Please call me at (401) 213-3084. Thank you."

15. In the voicemail message, Defendant directed Plaintiff to call back telephone number (401) 213-3084, which is a number that belongs to Defendant.

16. In the voicemail message, Defendant failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.

17. In the voicemail message, Defendant failed to disclose the purpose of her call was to collect a debt allegedly owed by Plaintiff.

18. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

    c. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

## FIRST CAUSE OF ACTION

21. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

22. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

23. Awarding such other and further relief as may be just, proper and equitable.

## ON ALL CAUSES OF ACTION

24. Actual damages and compensatory damages according to proof at time of trial;

25. Costs and reasonable attorneys' fees;

26. Any other relief that this Honorable Court deems appropriate.

///

## **JURY TRIAL DEMAND**

27. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  October 17, 2017

**THE LAW OFFICE OF DANIEL RUGGIERO**

By: */s/ Daniel G. Ruggiero*
Daniel G. Ruggiero
THE LAW OFFICE OF DANIEL RUGGIERO
275 Grove St. Suite 2-400
Newton, MA 02466
T: (339) 237-0343
F: (339) 707-2808
Email: DRuggieroEsq@gmail.com
Attorney for Plaintiff